IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GREGORY B. MYERS, *et al.* | * |
| Appellants, | * |
| v. | *   Civil Action No. PX-18-3783 |
| ROGER SCHLOSSBERG, | * |
| Appellee. | * |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this appeal from the United States Bankruptcy Court for the District of Maryland is Appellee Trustee Roger Schlossberg's motion to dismiss appeal for failure to file brief. ECF No. 3. Appellants Gregory Myers and Barbara Ann Kelly oppose the motion. ECF No. 4. The Court afforded the parties a recorded hearing on this motion and now rules. For the reasons given below, the Trustee's motion is GRANTED.

**I.   Background**

On December 11, 2018, Gregory Myers and Barbara Ann Kelly (collectively, "Appellants"), noted an appeal from the Bankruptcy Court's Order dismissing an "Emergency Motion for Accounting and Order Releasing Exempt Property." ECF No. 1. On the same date, the Appellants designated the record, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, which was docketed by the Clerk of this Court. ECF No. 3-1. On January 16, 2019, Appellee moved to dismiss the appeal because the Appellants have yet to file their opening brief, as required under the Bankruptcy rules. ECF No. 3. Appellants opposed dismissal (ECF No. 4) but have yet to file an opening brief.

1

Even more vexing, Appellants have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible. Appellants noted this appeal with the assistance of counsel, Roger Simmons, who purports to have entered a "limited appearance" not on behalf of the debtor, but as "tenants by the entirety."[1] Simmons entered his appearance in this manner before this Court after the Bankruptcy Court had stricken Simmons' appearance for failing to demonstrate the legal entitlement to pursue relief on behalf of "tenants by the entirety." Bankruptcy Petition 15-26033, Dkt. No. 791. Appellants also "designated" *all eight hundred* docket entries, even though the current appeal presents a narrow question of law: whether the Bankruptcy Court properly found that the requested emergency accounting can be obtained only through an adversary proceeding and not by motion pursuant to Bankruptcy Rule 7001. Yet Appellants have not mustered the energy to file an opening brief or justify the need for more time. For the following reasons, the appeal must be dismissed.

**II.    Analysis**

Bankruptcy Rule 8018 makes plain that appellants "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Under Local Rule 404.3, when a party fails to comply with Bankruptcy Rule 8018, this Court may dismiss the appeal "after giving appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." D. Md. Loc. R. 404.3. Further, Bankruptcy Rule 8003(2) (formerly cited as Rule 8001(a)) provides that a failure to file and serve a brief is

---

[1] "Under Maryland law, a tenancy by the entirety is a joint tenancy of spouses with rights of survivorship between the spouses. In such an estate, the property is not owned by either spouse individually, but by the marital unit, with each spouse having an undivided interest in the whole property." *In re Alvarez*, 733 F.3d 136, 140 (4th Cir. 2013) (citations omitted). Thus, a tenancy by the entirety is a category of property, not a separate entity entitled to distinct representation in a Bankruptcy appeal. The Court had granted Mr. Simmons until close of business today to provide controlling authority supporting the propriety of his representing "tenants by the entirety." The Court received nothing.

grounds for the district court "to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(2). Before dismissing an appeal under Rule 8003(2), the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) ("a proper application of [the *Serra*] test will normally require a district court to consider and balance all relevant factors"). Appellants have been given notice and opportunity to explain, but they have failed to persuade the Court that good cause exists to excuse the delay.

Appellants' singular excuse for their failure to file an opening brief is that the Trustee "muddied the waters" of this appeal by contesting the designation of record before the Bankruptcy Court. ECF No. 4 at 3. Appellants therefore requested that this Court wait for a decision on the motion to strike "before setting any hard and fast deadlines." *Id.* This Court fails to see the logic of the Appellants' position. By operation of law, a "hard and fast" deadline is set—30 days after designation of the record to file the brief unless extended for good cause. A pending motion cannot, as a matter of course, upset such law.[2] More particularly, a motion to strike the designation, if granted, could have itself resulted in dismissal for failure to designate the record timely. *See In re Silver Spring Family Med. Ctr., LLC*, 550 B.R. 286, 290 (D. Md.

---

[2] In the recorded hearing, Appellant Myers argued that the deadline should be extended based on the principle of "equitable tolling." However, "[f]ederal courts employ equitable tolling 'sparingly,' as it is 'a rare remedy to be applied in unusual circumstances.'" *Bezek v. First Mariner Bank*, 293 F. Supp. 3d 528, 535 (D. Md. 2018) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). As in *Cunningham v. Commissioner of Internal Revenue*, "[t]here is no suggestion of extraordinary circumstances that prevented [Appellants] from timely filing [their] appeal, nor of circumstances external to [their] own conduct." *Cunningham v. Comm'r of Internal Revenue*, 716 F. App'x 182, 184 (4th Cir. 2018). Appellants are thus not entitled to additional time to file the opening brief.

2016) ("If an appellant fails to designate the record in a timely fashion, the district court has discretion to dismiss the appeal."). Appellants indeed risked dismissal by designating the record as they had – 800 docket entries designated by an attorney claiming to represent "tenants by the entirety." Indeed, if anyone has "muddied the waters," it is Appellants. No good cause excuses Appellants' delay in filing the opening brief.

The Trustee, by contrast, persuasively argues that the delay has frustrated its "ability to timely administer assets and resolve the Debtor's bankruptcy estate." ECF No. 3 at 2-3. Appellants' bankruptcy case has been pending for more than three years and has been in Chapter 7 liquidation since February 22, 2017. *Id.* During that time, Appellant Myers has filed no fewer than ten separate appeals, none of which have yet proven meritorious. *Id.* With this latest appeal, Appellants identify themselves again as "tenants by the entirety," and are represented by the very attorney whose appearance had been stricken below, with little regard for the Bankruptcy Court's determination that Simmons lacked any legal basis to do so. *See* Bk Dkt. No. 791. Then, despite noting an appeal on a narrow issue of law, the Appellants designated *every* single docket entry connected with this highly adversarial protracted case, and with no explanation for how such wholesale dumping amounts to "designation" under Rule 8009. *See In re Dunlap*, No. 3:16-CV-00037-RJC, 2017 WL 374915, at *3 (W.D.N.C. Jan. 25, 2017), *aff'd*, 697 F. App'x 176 (4th Cir. 2017) (because appellant did not appropriately designate a record under Rule 8009, "there is not an issue on appeal for this Court to review and the appeal will be dismissed.").

Finally, Appellants have made no effort to file a timely opening brief within 30 days as required or seek a continuance, even though their failure to do so risks dismissal. On this record, Appellants' conduct is "prejudicial to the [bankruptcy estate] where scarce resources are the

4

reality and efficiency should be the rule." *Tekmen v. John E. Harms, Jr. & Assocs., Inc.*, No. BR 09-22090-RAG, 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011) (internal marks omitted). The failure to comply with Rule 8018 "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Mortg. Ass'n*, No. RWT 14-CV-0626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (discussing the effect of procedural noncompliance in a bankruptcy appeal). *See also Noels v. Grigsby*, No. 18-746, 2018 WL 6423895, at *2 n. 1 (D. Md. Dec. 4, 2018) (noting that the burden of failing to timely file a brief is "particularly acute" when appellant filed multiple motions in Bankruptcy Court "for potentially dilatory purposes"). Although dismissal is a harsh sanction, and not to be imposed lightly, nothing less is warranted where Appellants have engaged in questionable tactics evidently designed to delay the resolution of the bankruptcy case. *Huertas v. Bank of Am.*, No. GJH-16-3331, 2017 WL 2399010, at *2 (D. Md. May 31, 2017) (internal citations omitted).

Accordingly, it is this 1st day of February 2019, hereby ORDERED that the motion to dismiss is GRANTED. The Clerk is directed to CLOSE the case.

2/1/2019
Date

/S/
Paula Xinis
United States District Judge